NARCISSE PENSONEAU

*v.*

GERHARD BERTKE.

FORCIBLE ENTRY AND DETAINER—*what possession necessary to enable plaintiff to maintain.* In an action of forcible entry and detainer for the possession of a tract of timber land, the plaintiff proved that he had in cultivation two tracts of land, one adjoining the timber land and the other about a mile and a half from it; that fire wood for the use of both farms was cut from the timber land; that he had a deed for the timber land, and had paid taxes and cut timber on the land in dispute for twenty years: *Held,* this was sufficient evidence of possession to sustain an action of forcible entry and detainer.

WRIT OF ERROR to the Circuit Court of Washington county.

Mr. JAMES M. ROUNTREE, for the plaintiff in error.

Mr. WILLIAM WINKELMAN, for the defendant in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible entry and detainer, to recover possession of eight acres of timber land. The plaintiff below recovered, and the defendant appealed.

The point made for the reversal of the judgment is, that the evidence does not show that the plaintiff was in the actual

11—82D ILL.

possession of the land at the time of the entry by the defendant.

The evidence showed that plaintiff has cut timber and paid taxes on the land for twenty years; that he owned one farm about a mile and a half distant, and another tract of seventy-three acres, which he had in cultivation, which adjoined the eight acres; that fire wood was cut for the use of both these places from the eight acre piece, and that plaintiff held a warranty deed of the eight acres, made to him by Henry Lohman and wife, on the 6th day of October, 1851. This, we think, sufficiently showed actual possession. *Booth & Graham* v. *Small*, 25 Iowa, 178; *Clement* v. *Perry*, 34 id. 364; *Pearson* v. *Herr*, 53 Ill. 145; Ang. on Limitations, § 397, 400.

Defendant testified that he was the owner of the land, and had been in actual possession of it for about two years; that he had built a dwelling house thereon, and some stock pens, and had established a ferry landing thereon.

Defendant's statement that he was the owner of the land, is not to be taken as proof of the fact. The statement is but his conclusion, and is not the mode of showing title to real estate. He must be held, under the evidence, to have made entry into the land where it was not given by law, and so, under the statute, to have been guilty of forcible entry and detainer.

The judgment must be affirmed.

*Judgment affirmed.*